BERNSTEIN et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    October 12, 1909.)

CONTRACTS (§ 332*)—ACTIONS—PLEADING.

A contract with architects for plans provided that they should furnish preliminary specifications, with an estimate of the cost, and if the drawings, etc., were not satisfactory the architects should correct them to conform to the suggestions of the authorities, and so that the estimated cost, including architects' fees and cost of surveys and inspection, should be within $50,000. *Held*, that the paragraph requiring the estimate to be including architects' fees, etc., within the sum of $50,000, did not apply to the preliminary plans, but was limited to the revised and corrected plans, and in an action by the architects thereunder to recover their fees under a complaint alleging approval of the preliminary plans, followed by the preparation and delivery of completed plans and specifications, a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

payment of $500 on account thereof, and that the estimated cost of the construction of the building was $50,000, they could show that the estimated cost of surveys and inspection, and the complaint therefore stated a cause of action.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 332.*]

Appeal from Special Term, Kings County.

Action by Michael Bernstein and another against the City of New York. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, BURR, and RICH, JJ.

William L. Bowman, for appellants.

Theodore Connoly (Terence Farley, on the brief), for respondent.

RICH, J. Plaintiffs brought this action to recover architects' fees for the preparation of plans and specifications for a storehouse building to be used in connection with the Kensington Avenue Hospital. The complaint alleges a contract in writing between the parties, and full compliance therewith and performance thereof by plaintiffs "in so far as performance on their part was not waived or prevented by the defendant," and that the plans and specifications made by them were delivered to and approved by the proper authorities and $500 paid them on account. At the commencement of the trial the plaintiffs introduced the contract in evidence, and counsel for the defendant thereupon moved to dismiss the complaint, upon the ground that it failed to state facts sufficient to constitute a cause of action.

The fifth paragraph of the complaint is as follows:

"That the estimated cost of the construction and erection of said building was fifty thousand dollars ($50,000)."

The third paragraph of the contract reads:

"The architects shall on or before the 1st day of July, 1905, furnish to the city preliminary studies and specifications, together with an estimate of the cost of the said building or structure. If the said preliminary drawings, specifications and estimate are not satisfactory to, and approved by, the president, then the architects shall and will revise and correct the same so as to conform to the suggestions, criticisms and requirements of the president, and so that the estimated cost, including architects' fees and the cost of surveys and inspection, shall be well within the sum of fifty thousand dollars ($50,000), the appropriation or funds available for the said building or structure."

I do not construe this paragraph of the contract as necessarily requiring the estimate accompanying the preliminary studies and specifications to be, "including architects' fees and the cost of surveys and inspection," "well within the sum of fifty thousand dollars." The last provision quoted is not made applicable to the preliminary plans, but is in terms limited to the revised and corrected plans. The complaint alleges the approval of the preliminary plans, followed by the preparation and delivery of completed plans and specifications, and a payment of $500 on account thereof. The pleadings do not show that the plaintiffs were ever asked to revise or in any manner

change the preliminary plans. They were not rejected because of an excessive estimated cost or for any other reason, but the whole work was abandoned. If the preliminary plans were for a building, the estimated cost of which exceeded the appropriation, and were for that reason not available, it was the right of the president, under the provisions of the contract, to require such changes as would reduce such estimated cost and bring it within the limitation, and "then," as the contract says, it was the duty of the plaintiffs, and they had the right before they could be deprived of the fruits of their labor, to revise and correct the preliminary plans "so as to conform to the suggestions, criticisms and requirements of the president, and so that the estimated cost, including architects' fees and the cost of surveys and inspection shall be well within the sum of fifty thousand dollars." Attached to the contract are certificates of the president and deputy comptroller, showing an appropriation of $2,500 for architects' fees and services, payable from the "Department of Health Building Fund," which amount was then in said fund, unapplied, unexpended and available, and the amount so appropriated was equal to the contract value of plaintiffs' services. The contract required the estimated cost to include architects' fees and the cost of surveys and inspection, and plaintiffs were entitled to prove upon the trial, under their allegations of full performance, that the "estimated cost of the construction and erection of the building was fifty thousand dollars," that the estimate included their fees, with the cost of surveys and inspection; and the complaint therefore states a good cause of action. The complaint alleged facts from which the jury could have found a substantial performance of the contract by the plaintiffs. The question was one of fact for them to determine upon the evidence, and, if resolved in favor of plaintiffs' contention, they were entitled to recover the contract price for their services. Horgan & Slattery v. City of New York, 114 App. Div. 555, 559, 100 N. Y. Supp. 68.

The judgment must be reversed and a new trial granted, costs to abide the event. All concur.